*462 OPINION OF THE COURT
B. Thomas Pantano, J.
This is an action to recover for personal injuries sustained by the plaintiff on June 29, 1974.
Plaintiff is a self-employed compass adjuster and had been contacted on the afternoon of June 28, 1974, by M. Low Co., Inc., a company for whom he had frequently provided his services. They requested that he board the defendant Oxyness’ vessel Naess Leader that night to adjust the ship’s compass. On that evening plaintiff arranged to board the vessel which was at anchor at the Stapleton Anchorage. He concluded his work aboard ship at approximately 2:30 a.m. at which time he was offered a ride back to the pier, from which he had come, on board the pilot’s launch. Plaintiff left the Naess Leader and boarded the pilot’s mother ship where he stayed until about 8:00 a.m. At that time he transferred to the launch which took him to the Stapleton’s vessel Carol which was moored at dockside. In order to reach the dock he had to leave the launch, board the Carol and then proceed to the dock. While transferring from the launch to the Carol he slipped and fell on the Carol’s deck. On these facts the defendant Oxyness moves to dismiss the plaintiff’s complaint as to it.
Plaintiff alleges two causes of action against this defendant: one embraced by the provisions of the Jones Act. (US Code, tit 46, § 688) and one in negligence for failure to provide an adequate and safe means of egress from the harbor pilot’s launch to the Carol and thence to the dock.
In order to determine whether plaintiff’s cause of action under the Jones Act may be maintained, he must meet three criteria: (1) Is he a seaman; (2) was his injury suffered in the course of his employment and (3) was it as a result of his employer’s negligence. (Lindgren v Tugboat Dalzellable, 26 NY2d 455, 460.)
An analysis of the cases defining "seaman” are all in agreement and hold that the term as used in the Jones Act contains three essential elements. They are: (1) The vessel on which the claimant is employed must be in navigation; (2) there must be a more-or-less permanent connection with the vessel; (3) The claimant must be aboard primarily to aid in navigation. (Bullis v Twentieth Century-Fox Film Corp., 474 F2d 392; Offshore Co. v Robison, 266 F2d 769.)
While it may be said the plaintiff qualifies under numbers *463 (1) and (3) he fails as to number (2). As the court said in Bullis (supra, p 394): "Significantly the connection may be less permanent, but it cannot be temporary or transitory.” Clearly the plaintiffs connection was temporary or transitory. Therefore, a jury could not with reason reach the conclusion that the plaintiff was a seaman under the Jones Act. (Offshore Co. v Robison, supra, p 780.)
The second cause of action sounding in negligence must also fall since plaintiff has not come forward with any evidence which would establish that defendant Oxyness had either actual or constructive notice of an allegedly unsafe condition as complained of. Furthermore since the court has held plaintiff not to be a "seaman” there is a failure of proof sufficient to establish a duty on the part of this defendant to provide the plaintiff with a safe means of egress from the pilot launch to the Carol.
Finally, the defendant asks that the cross complaints of the codefendants be dismissed. Since there is no opposition to that part of the application it is likewise granted.